Today's cases will be called as previously announced and the times will be as allotted to council. The first case today is number 182155, United States v. Joshua Gonzalez-Andino. At this time, would the attorney for the defendant appellant please come to the podium and introduce himself on the record to begin. Good morning. May it please the court. I'm attorney Herman Rikehoff on behalf of Joshua Gonzalez-Andino. Your honors, in this case, the appellant was indicted and convicted for a simple possession with intent to distribute a detectable amount of marijuana. He was not indicted for a conspiracy. He was not convicted for a conspiracy. And yet, when at the time of sentencing, the court took a conspiracy-like approach to sentencing insofar as it made a statement to the effect that he had been convicted for possession with intent to distribute 20 to 40 kilograms of marijuana, which is incorrect, and we submit shows the court's approach at sentencing was a conspiracy-like approach to the appellant's sentence, which led the court to automatically attribute to the defendant drugs that he did not admit. Joshua Gonzalez-Also, didn't he, in the change of plea hearing, he admitted on the transcript, it appears he admitted not only to marijuana, but to the presence of other drugs. And then we also have a pre-sentence investigation report that covers all the other drugs that were found, and there's no objection to that. They were, by the time the pre-sentence report, they had all been lab-tested by, and there's no objection to that. So, we're dealing, I believe, on a plain error standard. So, where is the plain error? The appellant admitted responsibility only for 87 grams of marijuana. He admitted there were other of marijuana. But then he's not objecting to the pre-sentence report. He didn't file, per se, an objection to the pre-sentence report. He did file a sentencing memorandum, which was contrary to the assertions made in the pre-sentence report, and requesting that the court sentence him according to the drugs for which he admitted responsibility. It is our position that because the court took a conspiracy-like approach to sentencing, that the court should have made an individualized drug quantity finding in sentencing the appellant. I'm aware that the Colón-Solis requirement is applied to conspiracy cases, but I would submit to the court that the same concerns that drove the court to decide Colón-Solis are present here, which is that the court simply attribute to the defendant all drugs handled by the criminal enterprise that he undertook, whether they were foreseeable to him or not. So, that is our argument to the court. We believe that there should have been an individualized drug quantity finding, and we're asking the court to vacate the sentence and remand for resentencing, where the court will make an individualized drug quantity finding. Wasn't Colón-Solis a conspiracy case, and wasn't the issue there that it could not have been foreseeable, or the claim, it could not have been foreseeable, the amounts couldn't have been foreseeable? I'm not sure what the relevance of that case is to this case. It seems to me that what we're dealing with here is whether the relevant conduct rubric should be in play, where it was a little confusing in the PSR, it's a little confusing at sentencing, whether we're really talking about relevant conduct, as to your client anyway. Isn't that what we should be dealing with here? Well, addressing Your Honor's concern about the relevant conduct, I'll start by saying that the district court made no finding of relevant conduct, none at all. They didn't make a finding that these drugs were relevant conduct. But that goes to Judge included them, these other weights, and then at least in, I don't think it was your client, but made an argument at some point that it could be considered relevant conduct. I also forget whether at the sentencing of your particular client, whether the judge mentioned relevant conduct or not, but I know the judge did with respect to some of the sentencing. And I'm not to say it's attributable, but where there was no objection to the PSR and we are on plain error, wouldn't we still be considering relevant conduct here? Because that's obviously what, I mean, it seems to me that's the only category it could really fall under. Again, the PSR makes no mention per se of relevant conduct. And in fact, in the sentencing of my client, the judge made no mention whatsoever of relevant conduct. But the PSR does have the statement of the facts. And by the time the PSR is compiled, it has all, it's gathered all the more information than in the plea agreement in every PSR. But it goes, this is what was found, this is how the place looked in the search, this is where the drugs were, and these were the amounts, and lab results, et cetera, et cetera. So the PSR has all that information. And again, as Judge Howard is saying, this is relevant conduct. Or tell us why it's not relevant conduct. Well, the appellant was not indicted or convicted for a conspiracy, not even aiding and abetting. It seems like the most likely scenario in this case was that these people were in that apartment, each minding his own business, doing each his own thing. So where, does the record establish where the 87.23 grams of marijuana that he admits he should be held accountable for were found? I don't think there's anywhere on the record that says exactly where it was found. Then why wouldn't we assume it's where the other drugs are, and so they're all of a piece for purposes of relevant conduct analysis on plain error review? Because there's nowhere on the record that says that it was, my recollection at least, that it was together with the other drugs. Yeah, but that's my point. It also doesn't say that it was only on his person or in the room where he was. The 87.23. And so where it's not differentiated, why can't the judge assume they were all responsible for all of it? Well, there was... It's not a leading question. It's an open question. I just want to know what you have to say about it. I'm not sure, Your Honor, but I submit to the court that there was no evidence that he was furthering the objectives of any criminal enterprise other than the drugs that he admitted responsibility for. I would also point out that he was a guest in the apartment where he was found sleeping. And that there were three other individuals to whom the other drugs could have belonged. So it is perhaps not that different from a case where if the defendant, instead of being there just to sleep over, he had been invited for dinner and he'd been carrying a marijuana. And it just so happened that there were other drugs in the kitchen, something like that. So again, we submit that there was not enough evidence to find that it was relevant conduct. And again, we ask that the court vacate the sentence and remand for resentencing. If the court has no further questions, I'll submit the arguments on the brief and thank you for your time. Thank you at this time. Attorney MacIgnatis, you can please introduce yourself on the record to begin. Good morning. May it please the court, Julia MacIgnatis for the government. Now, Mr. Gonzalez has failed to show any error, let alone plain error in the district court's drug quantity determination. But even before getting to the plain error standard, it's important to note that pursuant to Local Rule 132, Mr. Gonzalez failed to object to the pre-sentence report. And this court has stated that that rule cries out of enforcement and states that failure to object to a pre-sentence report in compliance with that rule can result in waiver. Even setting aside that first waiver, there was a failure to object to the PSR, which could then trigger plain error. Now, Mr. Gonzalez, on appeal, has failed to argue plain error. And this court has noted that plain error is an appellant burden and failure to attempt to argue any of the four prongs can be considered waiver in and of itself. Let me, as I understand it, and I, he's arguing that in explaining the sentence, the sentencing judge said that he'd been convicted of this conduct. And that would obviously justify the 16 reduced to 13 level. And he then, after the judge said that, he then interjected counsel and plainly said, no, Your Honor, he didn't plead to those. Did the judge ever say that he was relying on anything other than an incorrect belief that there had been a conviction for the higher quantity? Your Honor, I don't necessarily agree that there was this incorrect belief that he was during the sentencing hearing and noted that he had been, that he pled guilty to count three, which was the marijuana count. And when you look at when that statement was made, it was when it was trying to determine the base offense level. And what the court did was that it adopted the PSR's base offense level, which when you look at the record as a whole, even though in this particular case, since there was no objection, but in a case where there was an probation officer clarified that it was because of relevant conduct. Let me make sure I'm understanding what you're saying. In this particular case, didn't the judge say that he was convicted of the higher quantity? Okay, Your Honor. When he's mentioning the base offense level, after he says I'm using the November 1st edition of this guideline, the district court does say convicted of the 20 to 40 kilogram amount of marijuana. That is correct. What I'm trying to point is when we look at the transcript as a whole, what the court artfully said was that was the drug amount that was being used to justify the base offense level. Let me take this at a step at a time. The judge said he was convicted of the 20 kilograms. When making the base offense, yes. That is plainly incorrect. He was not convicted of the 20 kilograms. He was convicted of a detectable amount. In the PSR, in the plea agreement, both parties stated that it was 250 grams or less. He was not convicted of the 20 kilograms. No, he was not convicted of the 20 kilograms. He objected and said to the court, hey, I only pled to the smaller amount. I believe that happened at the end of the hearing, Your Honor, when he made a generic objection for no time in Mr. Gonzalez-Andino's hearing was the term relevant conduct ever discussed. Did he say, after the judge incorrectly said that he was convicted of the higher amount of 20, did counsel then say, quote, we must object to the inclusion of the drugs. The defendant only pled to the marijuana found in the apartment. We need to state that for the record. Correct, Your Honor. That statement was made, but it was not on a relevant conduct objection. When we look at the sentencing memorandum, which was, yes. I'm trying to take this a step at a time. Yes, Your Honor. So, we have a judge saying something that's plainly wrong as the only articulated objection for the higher guideline sentencing range. We have a flat out objection to that by counsel. You want to say, though, that we should ignore the objection by counsel because counsel didn't use the words relevant conduct, but you want to have us find that the judge did not err because when he said conviction, he really meant something else when we look at the context as a whole. Your Honor, let me take those questions one step at a time. You have this pre-sentence report, which includes all of the drugs. Then a sentencing memorandum is filed in which they never state. No separate point. We understand that point. He may, under the local rule, he should have said something. Yes, Your Honor. But what I'm trying to say is put into context what exactly the defense attorney was stating here. Because when you look at a sentencing memorandum, he's urging the court to accept the party's proposed guideline calculation in the plea agreement. There's no, in that sentencing memorandum where the PSR had already been authored and disclosed, there's no point whatsoever where it says this amount is incorrect. This should not be considered relevant conduct. What he was doing in that case was saying, we object to this amount because this isn't what we pledged to. This isn't my stipulation. And at no point was there any argument that this isn't relevant conduct. But even if we were to step aside and go into a preserved error analysis, in this case, the record as it stands shows sufficient, there's sufficient facts. Let me interrupt you. Yes, Your Honor. Because now you're on to an entirely different point, which is, had the judge said I was doing a relevant conduct analysis, your point, as I understand the brief, is that there was evidence that would support a finding of relevant conduct. But I'm sort of stuck, perhaps incorrectly, on the point that if the judge gives us his explanation that he was convicted of that amount, which if correct would be a very good explanation, if the judge really believed that was why he was doing the amount, then wouldn't we vacate that to point out to the judge he wasn't convicted of that, now make your relevant conduct determination? Your Honor, I think when you look at the record as a whole, it just shows that the if we read the record as a whole and find that really what the judge was saying was a relevant conduct determination, then your argument applies full force. And I'm not saying prejudgment on that, but I am asking you whether if we concluded to the contrary that reading the record as a whole, we have to take the judge at his words, then wouldn't it follow that there was a preserved objection to that and we should remand? Well, no, Your Honor, because I don't think that the objection had the requisite specificity, especially when taking into consideration the sentencing memorandum, which made no real factual objection, but just instead urged the court to accept the stipulation by the parties and sentence accordingly. I think taking the sentencing memorandum and then seeing what was stated at the sentencing hearing shows exactly what was trying to be conveyed to the court. And then when you see that there is all of this unobjected facts in the PSR, which in fact do support the relevant conduct analysis, and I want to take the time to also clarify that the PSR did explain where the drugs were found. And in this case, they were literally all bound together in a plastic bag, in a brown pag, where Mr. Gonzalez-Andino was staying. We have the marijuana, all but 13 grams, because 13 grams were found in a separate bedroom. So that means that you have, let's see, 74 grams of marijuana, together with the cocaine, together with the crack, together with the heroin, and $880 in cash in a bag. So they are literally bound together, part of the same course of action. And then you also have Mr. Gonzalez-Andino's admissions in his sentencing memorandum. There, he acknowledged that he would perform odd jobs for this drug trafficking organization that was running out of that housing project, and that he acknowledged that he acted as a guard for the stash house. So he was guarding the marijuana that was in the bag with all of the other drugs. So given that admission, the amounts in the stash house are reasonably foreseeable to him, and there was no error in the district court's consideration of all of the drugs when making his drug quantity determination. May I follow up on some of Judge Kayada's questions and ask you this? With respect to this particular sentencing, what is it that would cause us to conclude that the judge's use of the word conviction was but a slip of the tongue, and that he somehow later either corrected himself or knew that it wasn't based on a finding of a conviction of those amounts? How do we know from this record? Yes, Your Honor, because when you look at the sentencing hearing and after each party made their sentencing recommendation, the court then starts to do the guideline calculation. And it only mentions this word convicted when it's about to state the base offense level. May I conclude my thought, Your Honor? So when you look at that portion of the sentencing hearing, and he already stated which version of the sentencing guidelines are being used to compute his advisory guideline range, and then he starts off with the base offense level. And that's when he inartfully uses the word convicted. But when you look at the sentence as a whole, it shows that it's for the drug quantity determination, which is exactly what is stated in the PSR. And when I mean exactly what is stated, the amount that is used in the PSR, the base offense level. So if he had said, for example, you know, the amount in the PSR triggers a base offense level of x, it's just the inartful use of the word conviction when triggering the base offense level. But reading the sentencing transcript hearing as a whole, he mentions count three, the possession of marijuana. What would have been the appropriate word instead of conviction when establishing the base offense level? He could have said that the PSR here has determined that the drug amount, the drug quantity determination is 39.2 kilograms, which will then trigger a base offense level of, I'm not sure what it is off the top of my head, Your Honor. There are no further questions. We rest on that. Just one very quick question. Do you agree that what the defendant or the appellant is trying to do throughout the sentence, his argument, what he's really asking is he's begging the court, Judge, this is the amount I stipulate in the plea agreement, sentence me to that. That's what he's doing, am I correct? Yes, Your Honor. That's exactly what he did in his sentencing memorandum, and that's exactly what he said in the hearing, that he's pleading with the court to accept the party's sentencing recommendations, which happened to be more lenient than what came out in the unobjected PSR. And he's entitled to that, in fact, if there was no relevant conduct of a higher amount. If there was no relevant conduct, then yes, Your Honor, then the drug calculations would have been different. Brings us back to what we're talking about. Yes, Your Honor, but on this record as a whole, it shows what the party's intents were and obviously the inartful slip of the tongue of the sentencing court. Thank you. Thank you. That concludes argument in this case.